UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| |
|---|
| DEMASE WAREHOUSE SYSTEMS, INC., DEMASE TRUCKING CORP., CHRISTOPHER DEMASE, and RICHARD DEMASE,<br><br>          Plaintiffs,<br><br>v.<br><br>FRANCIS DEMASE and BARBARA DEMASE,<br><br>          Defendants. |

Civil Action No.: 17-3074 (JLL)

OPINION

**LINARES,** District Judge.

This matter comes before the Court by way of Plaintiffs DeMase Warehouse Systems, Inc., DeMase Trucking Corp., Christopher DeMase, and Richard DeMase's Motion to Remand pursuant to 28 U.S.C. § 1447. (ECF No. 3 ("Pls. Mov. Br.")). Defendants have Opposed Plaintiffs' Motion (ECF No. 8), which Plaintiffs have replied to. (ECF No. 9). This Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Plaintiffs' Motion to Remand.

### I.     BACKGROUND[1]

Plaintiffs, Christopher DeMase and Richard DeMase are shareholders of DeMase Warehouse Systems, Inc. and DeMase Trucking, Corp. (Plaintiffs DeMase Warehouse Systems,

---

[1] This background is derived from Plaintiffs' Original and Amended Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

1

Inc. and DeMase Trucking Corp. shall be collectively referred to as "Companies"). (ECF No. 2 ("Am. Compl.") at ¶¶ 3-4). Plaintiff, Richard DeMase is the President of DeMase Warehouse and Plaintiff Christopher DeMase is the Vice-President. (Id.). Individual Plaintiffs and Defendants sit on the Board of Directors for Plaintiff DeMase Warehouse. (Am. Compl. ¶¶ 5-7). Defendants Francis and Barbara DeMase are co-trustees of Companies' Defined Benefit Plans and Profit Sharing Plans, which are plans governed by Employee Retirement Income Security Act ("ERISA"). (Am. Compl. ¶¶ 6-7). Both Defendants retired in or around 2015. (Am. Compl. ¶ 9). Defendant Francis DeMase was formerly president of Companies until his retirement in 2015 when he surrendered the position. (Id.). Additionally, Defendant Barbara DeMase continues in her role as Secretary and Treasurer of Plaintiff Warehouse. (Id.).

Plaintiffs claim that in early 2017 they discovered Defendants had been mismanaging the pension and defined benefits plans of Companies. (Am. Compl. ¶¶ 18-19). Defendants allegedly removed employees from the Defined Benefit Plans, reduced accrued benefits of employees under the said Plan, created a class of employees whose benefit formula was in violation of the terms of the Plan, and siphoned money from Plaintiff DeMase Warehouse to Plaintiff DeMase Trucking to fund a benefits plan for Defendant Barbara DeMase's financial benefit. (Am. Compl. ¶ 19). According to Plaintiffs, correcting Defendants' actions may cost Plaintiffs millions of dollars. (Am. Comp. ¶ 20).

On April 19, 2017, Plaintiffs were out of the country. (Am. Compl. ¶ 21). Defendants were aware of the fact and although they had retired several years prior, Defendants arrived at the Companies' offices and terminated Stanley Geller, a business consultant. (Am. Compl. ¶¶ 22-23). On April 24, 2017, Plaintiffs filed an order to show cause against Defendants in New Jersey Superior Court, to restrain Defendants from further interfering with Companies' affairs, to compel

Defendants to sell their stock to Plaintiffs, and to require Companies to remedy the aforementioned conduct as required by relevant law. (*See* ECF No. 1-1, Compl.). The claims asserted in Plaintiffs' complaint stem from Defendants' alleged violations of New Jersey's Corporations Act. (Am. Compl.). The Complaint contains shareholder derivative actions for breach of fiduciary duty, enforcement of by-laws, violation of the business judgment rule, oppression of minority shareholders, mismanagement, fraud, illegality, abuse of authority, for sale of Defendants' shares, and, in the alternative, the appointment of Stanley Geller as provisional director and custodian of Companies. (Am. Compl.).

The New Jersey Superior Court denied Plaintiffs' request for a temporary restraining order on April 28, 2017. (Pls. Mov. Br. at 6). The Court entered an order to show cause with a return date of May 26, 2017. (Id.) On May 3, 2017, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(c). (ECF No. 1). In response, Plaintiffs filed this Motion to Remand the action to the Superior Court of New Jersey. (Pls. Mov. Br.). Additionally, Plaintiffs amended their original complaint, which was filed on May 8, 2017. (Amend. Comp.).

## II.  ARGUMENTS & ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court . . . ." Federal questions are one way that federal courts can have original jurisdiction over a case. 28 U.S.C. § 1331 ("arising under the Constitution, laws, or treaties of the United States."). Federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," pursuant to "well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff's complaint must establish that the case arises from federal law. *See Franchise Tax Bd. v. Constr. Laborers Vacation*

3

*Trust*, 463 U.S. 1, 10 (1983); *cf. Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393 (3d. Cir. 2004) (holding that removal was improper because the plaintiff's complaint did not present a federal question).

Here, Plaintiffs claims do not arise under Federal law. Rather, the claims are brought under N.J. Stat. Ann. § 14, which regulates New Jersey corporations and their securities. (Pls. Mov. Br.). The "well-pleaded complaint rule" establishes that Federal Courts do not have original jurisdiction over cases where the complaint sets forth a state law cause of action, even if the defendant could raise a federal defense. *Franchise Tax Bd.*, 463 U.S. at 9-11. Plaintiffs' complaint sets forth eight causes of action, only two of which refer to ERISA. (*See* Compl.; Am. Compl.). Count One for breach of fiduciary duty states that Defendants failed to remedy the ERISA and Internal Revenue Code violations that they caused. (*See* Am. Compl. at 7). In Count Six, claims that Defendants acted fraudulently, illegally, and abused their authority as fiduciaries of the Companies. (Id. at 11). Here, a strict application of the "well-pleaded complaint rule" would preclude Federal jurisdiction over this matter because, on its face, the complaint raises no Federal claims. *See Franchise Tax Bd.*, 463 U.S. at 13.

Defendants claim that the state law claims are completely preempted by ERISA, which is an exception to the "well-pleaded complaint rule." (Def. Opp. Br. at 2). *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (2007). A case could "still arise under the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a *substantial question of federal law* . . . ." *Franchise Tax Bd.*, 463 U.S. at 13 (emphasis added). Here, there is no such question. The Court would not have to resolve any "substantial questions of federal law" because the right to relief is completely based on the rights of shareholders created

4

under New Jersey state law. All of Plaintiffs' claims concern the duties that Defendants allegedly violated as fiduciaries, not precisely about any mismanagement of ERISA plans.

Further, Defendants argue that the claims are within the scope of Section 502 of 29 U.S.C. § 1132 because the plans are governed by ERISA, Plaintiffs Christopher and Richard DeMase are participants of the Plans, and Defendants allegedly "breached their fiduciary duties in their management of the Plans by reducing the accrued Plan benefits of the Individual Plaintiffs for no apparent reason." (ECF No. 8 ("Defs. Opp. Br.") at 3-4.) In actuality, this lawsuit does not fall within Section 502 because Plaintiffs Christopher and Richard DeMase are suing as shareholders of the Companies, not as beneficiaries, and are not looking to recover benefits from the Plans. (Am. Compl.). Section 502(a) of 29 U.S.C. § 1132 of ERISA "carefully" specifies who may seek relief under the statute and states that only participants, beneficiaries, or fiduciaries of an ERISA governed plan may bring suit pursuant to said provision. *See Franchise Tax Bd.*, 463 U.S. 1, 25-27 (1983). In *Franchise Tax Board*, the Supreme Court found that a suit by California tax authorities against funds that were held in trust pursuant to an ERISA plan does not arise under ERISA because the claims that the state brought were not ones within the scope of Section 502 of ERISA. *Id.* at 25–27. The Supreme Court reasoned that a State seeking to enforce tax levies did not fall into ERISA's very explicit directive regarding who may bring a suit. *Id.* Similarly, Plaintiffs' claims herein not those of the type that fall within the scope of Section 502 as Plaintiffs do not fit within ERISA's "carefully enumerate[d] … parties entitled to seek relief under § 502." *Id.* at 27.

In support of their assertion that Plaintiffs' complaint is completely preempted the Defendants look to *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). In *Davila*, the Court stated that an individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B) if they

could have brought their claim "under ERISA § 502(a)(1)(B) and . . . there is no other independent legal duty that is implicated by a defendant's action . . . ." *Id.* at 210. Plaintiffs' claims are not within the scope of § 502(a)(1)(B), which states that a participant or beneficiary can bring a civil action "to recover benefits due to him under the term of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). None of the aforementioned includes the relief Plaintiffs seek in this action. Simply put, Plaintiffs seek to enforce their rights, and recover damages, strictly under New Jersey law. Defendants further claim that there is no other legal duty independent of ERISA. (Defs. Opp. Br. at 5-6). A legal duty is independent when it is "not based on obligation under an ERISA plan." *N.J. Carpenters v. Tishman Const. Corp.*, 760 F.3d 297, 303-304 (3d. Cir. 2014). Here, however, Defendants' duties are in fact independent since said duties are created by N.J. Stat. Ann. § 14, which is New Jersey's law that pertains to corporations and their securities. In other words, they are duties that exist as fiduciaries of Companies, not ones that are created by or under ERISA.

Moreover, Section 1144(a) of ERISA states that it "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" that is covered by ERISA. However, that superseding clause is not absolute, as 29 U.S.C. § 1144(b)(2)(A) carves out exceptions to ERISA's preemption of state law. This includes "any law of any State which regulates insurance, banking, or [corporate] securities." 29 U.S.C. § 1144(b)(2)(A). N.J. Stat. Ann. § 14 is the type of state law that is exempt from ERISA preemption because it involves the regulation of a corporation and its securities. Thus, under the "well-pleaded complaint rule," this case cannot be considered one that arises under federal law. The claims brought by Plaintiffs are not created under federal law and are not completely preempted by Section 502 of ERISA. Therefore, removal was improper and the case should be remanded to New Jersey Superior Court.

This Court declines to further discuss the merits of the balance of the Motion as it is without the Subject Matter Jurisdiction to do so.

### III. CONCLUSION

For the aforementioned reasons, Plaintiffs' Motion to Remand is granted. An appropriate Order accompanies this Opinion.

DATED: June 12, 2017

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE